UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:21-CR-00405-JAR |
| ) | |
| KEN TRANG TRAN, ) | |
| Defendant. ) | |
| ) | |

## GUILTY PLEA AGREEMENT

Come now the parties and hereby agree, as follows:

### 1. PARTIES:

The parties are the defendant Ken Trang TRAN, represented by defense counsel Michael F. Jones, and the United States of America (hereinafter "United States" or "Government"), represented by the Office of the United States Attorney for the Eastern District of Missouri. This agreement does not, and is not intended to, bind any governmental office or agency other than the United States Attorney for the Eastern District of Missouri. The Court is neither a party to nor bound by this agreement.

### 2. GUILTY PLEA:

Pursuant to Rule 11(c)(1)(A), Federal Rules of Criminal Procedure, in exchange for the defendant's voluntary plea of guilty to Count One of the charge, the Government agrees that no further federal prosecution will be brought in this District relative to the defendant's conspiracy to distribute or to possess, with the intent to distribute, cocaine, psilocybin, MDMA, methamphetamine, marijuana, and THC between the dates of November of ~~2011~~ 2019 and the date of

1

A.D.
MFJ
K.T.

this plea, of which the Government is aware at this time. The Government further agrees that no further federal charges relative to the cocaine and MDMA overdose death of H.M. will be brought against the defendant as a result of this plea agreement.

In addition, the parties agree that the U.S. Sentencing Guidelines Total Offense Level analysis agreed to by the parties herein is the result of negotiation and led, in part, to the guilty plea.

The parties further agree that either party may request a sentence above or below the U.S. Sentencing Guidelines range (combination of Total Offense Level and Criminal History Category) ultimately determined by the Court pursuant to any chapter of the Guidelines and Title 18, United States Code, Section 3553(a). The parties further agree that notice of any such request will be given no later than ten days prior to sentencing and that said notice shall specify the legal and factual bases for the request.

## 3. ELEMENTS:

As to Count One, the defendant admits to knowingly violating Title 21, United States Code, Sections 841(a)(1) and 846, and admits there is a factual basis for the plea and further fully understands that the elements of the crime are:

(a) Beginning at an unknown time, but including June 28, 2021, within the Eastern District of Missouri, the defendant and other persons known and unknown to the government, reached an agreement or came to an understanding to distribute and possess, with the intent to distribute, mixtures or substances containing detectable amounts of cocaine; and

2

(b) That the defendant voluntarily and intentionally joined in the agreement or understanding, either at the time it was first reached or at some time while it was still in effect; and

(c) That at the time the defendant joined in the agreement or understanding, he knew the purpose of the agreement; and

(d) That the quantity of cocaine attributable to the defendant, as part of his participation in the conspiracy, and as a result of his own conduct and the conduct of other conspirators reasonably foreseeable to him, is over 500 grams.

4. **FACTS:**

The parties agree that the facts in this case are as follows and that the government would prove these facts beyond a reasonable doubt if the case were to go to trial. These facts may be considered as relevant conduct pursuant to Section 1B1.3:

Beginning at an unknown date, but including November of 2019 and continuing through June 28, 2021, the defendant reached an agreement with at least one other individual residing in the state of California to have packages containing cocaine, psilocybin, and marijuana shipped to him in the Eastern District of Missouri so that he could then redistribute those narcotics. Included in these shipments were in excess of 500 grams of cocaine. At the time the defendant entered into the agreement, he understood the purpose of the agreement and entered into it voluntarily.

In approximately February of 2021, investigators with the United States Postal Inspection Service (USPIS) learned that defendant TRAN was associated with three primary addresses located within the Eastern District of Missouri: 4528A South Grand Boulevard; 4553 Steffens; and 5518 Mable. Several packages sent to these addresses over the court of several months in 2020

3

shared characteristics common to packages involved in narcotics trafficking via the mail, such as being sent via Priority Mail, being sent person-to-person, and being paid for in cash.

Between November of 2019 and June 30, 2021, at least six (6) packages were intercepted by USPIS that were destined for one of the defendant's aforementioned residences. Once searched, these packages were determined to contain approximately 1,400 grams of Psyclobin and over one kilogram of cocaine. The parties agree that these are quantities of narcotics consistent with an intent to redistribute the product, as opposed to personal use.

On or about June 28, 2021, officers with the St. Louis Metropolitan Police Department (SLMPD) were called to defendant TRAN's residence relative to a deceased 27-year-old woman, H.M., who was later determined to have died from an overdose of cocaine and MDMA. A search of the defendant's apartment at 4528A South Grand Boulevard was subsequently conducted, during which officers seized a multitude of other narcotics intended for distribution by the defendant. In addition to the quantities of narcotics mentioned early as having been delivered to TRAN via USPIS, investigators located approximately 880 grams of THC, 427.86 grams of MDMA, 1961 grams of Cocaine, 1863 grams of Psyclobin, 468 grams of Marijuana, and 89 grams of a mixture containing methamphetamine.

While he was on pretrial supervision, on July 23, 2022, the defendant was pulled over by officers of the Hazelwood Police Department in the Eastern District of Missouri for not having his license plate properly illuminated. TRAN consented to a search of his vehicle, officers located what TRAN later admitted was approximately one ounce of cocaine.

As a result of all of the relevant conduct of the defendant, the parties agree that he is responsible for approximately 1,989 grams of Cocaine, 1,863 grams of Psyclobin, 880 grams of

4

THC, 427.86 grams of MDMA, 468 grams of Marijuana and 89 grams of a mixture containing amounts of methamphetamine. For Sentencing Guidelines purposes, this results in a Marijuana conversion weight of approximately 1,867 kilograms.

## 5. STATUTORY PENALTIES:

The defendant fully understands that the maximum possible penalty provided by law for the crime to which the defendant is pleading guilty is imprisonment of at least five (5) years but not more than 40 years, a fine of not more than $5,000,000.00 or both such imprisonment and fine. The Court may also impose a period of supervised release of not less than four (4) years. **The parties recognize that the crime to which the defendant is pleading guilty has a mandatory minimum sentence of five (5) years, or 60 months.**

## 6. U.S. SENTENCING GUIDELINES (2021 MANUAL):

The defendant understands that this offense is affected by the U.S. Sentencing Guidelines and the actual sentencing range is determined by both the Total Offense Level and the Criminal History Category. The parties agree that the following are the applicable U.S. Sentencing Guidelines Total Offense Level provisions.

   a. **Chapter 2 Offense Conduct:**

   (1) **Base Offense Level:** The parties agree that the base offense level is 30, as found in Section 2D1.1. The parties agree that, once the narcotics weights are converted to marijuana, that the defendant is accountable for more than 1,000 kilograms but less than 3,000 kilograms of marijuana, resulting in the base offense level. The parties agree that the Government cannot establish, by a preponderance of the evidence, that H.M. died as a result of the drugs TRAN distributed.

5

Presentence Report as to the defendant's criminal history and the applicable category. The defendant's criminal history is known to the defendant and is substantially available in the Pretrial Services Report.

  f. **Effect of Parties' U.S. Sentencing Guidelines Analysis**: The parties agree that the Court is not bound by the Guidelines analysis agreed to herein. The parties may not have foreseen all applicable Guidelines. The Court may, in its discretion, apply or not apply any Guideline despite the agreement herein and the parties shall not be permitted to withdraw from the plea agreement.

7. **WAIVER OF APPEAL AND POST-CONVICTION RIGHTS:**

  a. **Appeal:** The defendant has been fully apprised by defense counsel of the defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.

    (1) **Non-Sentencing Issues:** The parties waive all rights to appeal all non-jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial motions, discovery, the guilty plea, the constitutionality of the statute(s) to which defendant is pleading guilty and whether defendant's conduct falls within the scope of the statute(s).

    (2) **Sentencing Issues:** In the event the Court accepts the plea, accepts the U.S. Sentencing Guidelines Total Offense Level agreed to herein, and, after determining a Sentencing Guidelines range, sentences the defendant within or below that range, then, as part of this agreement, the defendant hereby waives all rights to appeal all sentencing issues other than Criminal History, but only if it affects the Base Offense Level or Criminal History Category. Similarly, the Government hereby waives all rights to appeal all sentencing issues other than

7

(2) **Specific Offense Characteristics:** The parties agree that the following Specific Offense Characteristics apply: None apply. Specifically, the parties agree that Section 2D1.1(a)(2) is not applicable because the Government cannot establish that H.M. died as a result of narcotics distributed by defendant TRAN.

b. **Chapter 3 Adjustments:**

(1) **Acceptance of Responsibility:** The parties agree that ~~three~~ *two* (2) levels should be deducted pursuant to Section 3E1.1(a), because the defendant has clearly demonstrated acceptance of responsibility. The parties agree that the defendant's eligibility for this deduction is based upon information presently known. If subsequent to the taking of the guilty plea the government receives new evidence of statements or conduct by the defendant which it believes are inconsistent with defendant's eligibility for this deduction, the government may present said evidence to the court, and argue that the defendant should not receive all or part of the deduction pursuant to Section 3E1.1, without violating the plea agreement.

(2) **Other Adjustments:** None.

c. **Other Adjustment(s)/Disputed Adjustments:** The parties reserve the right to argue at Sentencing whether or not the defendant is eligible for the Safety Valve provision of the Sentencing Guidelines pursuant to Section 5C1.2.

d. **Estimated Total Offense Level:** The parties estimate that the Total Offense Level is either 28 or 26, depending upon the applicability of the Safety Valve provision of the Sentencing Guidelines, Section 5C1.2.

e. **Criminal History:** The determination of the defendant's Criminal History Category shall be left to the Court. Either party may challenge, before and at sentencing, the finding of the

6

Criminal History, provided the Court accepts the plea, the agreed Total Offense Level and sentences the defendant within or above that range.

    **b. Habeas Corpus:** The defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

    **c. Right to Records:** The defendant waives all rights, whether asserted directly or by a representative, to request from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 522, or the Privacy Act, Title 5, United States Code, Section 552(a).

**8. OTHER:**

    **a. Disclosures Required by the United States Probation Office:** The defendant agrees to truthfully complete and sign forms as required by the United States Probation Office prior to sentencing and consents to the release of these forms and any supporting documentation by the United States Probation Office to the government.

    **b. Civil or Administrative Actions not Barred; Effect on Other Governmental Agencies:** Nothing contained herein limits the rights and authority of the United States to take any civil, tax, immigration/deportation or administrative action against the defendant.

    **c. Supervised Release:** Pursuant to any supervised release term, the Court will impose standard conditions upon the defendant and may impose special conditions related to the crime defendant committed. These conditions will be restrictions on the defendant to which the

defendant will be required to adhere. Violation of the conditions of supervised release resulting in revocation may require the defendant to serve a term of imprisonment equal to the length of the term of supervised release, but not greater than the term set forth in Title 18, United States Code, Section 3583(e)(3), without credit for the time served after release. The defendant understands that parole has been abolished

d. **Mandatory Special Assessment:** Pursuant to Title 18, United States Code, Section 3013, the Court is required to impose a mandatory special assessment of $100 per count for a total of $100, which the defendant agrees to pay at the time of sentencing. Money paid by the defendant toward any restitution or fine imposed by the Court shall be first used to pay any unpaid mandatory special assessment.

e. **Possibility of Detention:** The defendant may be subject to immediate detention pursuant to the provisions of Title 18, United States Code, Section 3143.

f. **Fines, Restitution and Costs of Incarceration and Supervision:** The Court may impose a fine, restitution (in addition to any penalty authorized by law), costs of incarceration and costs of supervision. The defendant agrees that any fine or restitution imposed by the Court will be due and payable immediately. Pursuant to Title 18, United States Code, Section 3663A, an order of restitution is mandatory for all crimes listed in Section 3663A(c). Regardless of the Count of conviction, the amount of mandatory restitution imposed shall include all amounts allowed by Section 3663A(b) and the amount of loss agreed to by the parties, including all relevant conduct loss. The defendant agrees to provide full restitution to all victims of all charges in the indictment.

g. **Forfeiture:** The defendant knowingly and voluntarily waives any right, title, and interest in all items seized by law enforcement officials during the course of their investigation,

whether or not they are subject to forfeiture, and agrees not to contest the vesting of title of such items in the United States. The defendant agrees to abandon [his/her] interest in all seized items and further agrees that said items may be disposed of or destroyed by law enforcement officials in any manner without further notice. By abandoning these items, the defendant waives any future rights to receive additional notice, a valuation of the items, or the opportunity to submit a claim to contest the disposition or destruction of the items that may exist under any policies or procedures of the seizing agency(ies).

The defendant agrees the stipulated facts above are sufficient to support forfeiture of certain assets pursuant to the applicable forfeiture authorities. The defendant agrees the Court may enter a consent preliminary order of forfeiture any time before sentencing, and such Order will become final as to the defendant when it is issued and will be part of the sentence. The defendant agrees not to object to any administrative, civil, or criminal forfeiture brought against any assets subject to forfeiture. The defendant will execute any documents and take all steps needed to transfer title or ownership of said assets to the government and/or to rebut the claims of nominees and/or alleged third party owners. The defendant knowingly and intelligently waives all constitutional, statutory, and equitable challenges to any forfeiture carried out in accordance with this plea agreement, including but not limited to that defendant was not given adequate notice of forfeiture in the charging instrument.

### 9. ACKNOWLEDGMENT AND WAIVER OF THE DEFENDANT'S RIGHTS:

In pleading guilty, the defendant acknowledges, fully understands and hereby waives his rights, including but not limited to: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to

suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to require the government to prove the elements of the offenses against the defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; the right to testify and present evidence and the right to compel the attendance of witnesses. The defendant further understands that by this guilty plea, the defendant expressly waives all the rights set forth in this paragraph.

The defendant fully understands that the defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding. The defendant's counsel has explained these rights and the consequences of the waiver of these rights. The defendant fully understands that, as a result of the guilty plea, no trial will, in fact, occur and that the only action remaining to be taken in this case is the imposition of the sentence.

The defendant is fully satisfied with the representation received from defense counsel. The defendant has reviewed the government's evidence and discussed the government's case and all possible defenses and defense witnesses with defense counsel. Defense counsel has completely and satisfactorily explored all areas which the defendant has requested relative to the government's case and any defenses.

The guilty plea could impact defendant's immigration status or result in deportation. In particular, if any crime to which defendant is pleading guilty is an "aggravated felony" as defined by Title 8, United States Code, Section 1101(a)(43), removal or deportation is presumed

11

mandatory. Defense counsel has advised the defendant of the possible immigration consequences, including deportation, resulting from the plea.

## 10. VOLUNTARY NATURE OF THE GUILTY PLEA AND PLEA AGREEMENT:

This document constitutes the entire agreement between the defendant and the government, and no other promises or inducements have been made, directly or indirectly, by any agent of the government, including any Department of Justice attorney, concerning any plea to be entered in this case. In addition, the defendant states that no person has, directly or indirectly, threatened or coerced the defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

The defendant acknowledges having voluntarily entered into both the plea agreement and the guilty plea. The defendant further acknowledges that this guilty plea is made of the defendant's own free will and that the defendant is, in fact, guilty.

## 11. CONSEQUENCES OF POST-PLEA MISCONDUCT:

After pleading guilty and before sentencing, if defendant commits any crime, other than minor traffic offenses, violates any condition of release that results in revocation, violates any term of this guilty plea agreement, intentionally provides misleading, incomplete or untruthful information to the U.S. Probation Office or fails to appear for sentencing, the United States, at its option, may be released from its obligations under this agreement. The Government may also, in its discretion, proceed with this agreement and may advocate for any sentencing position supported by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility.

## 12. NO RIGHT TO WITHDRAW GUILTY PLEA:

Pursuant to Rule 11(c) and (d), Federal Rules of Criminal Procedure, the defendant understands that there will be no right to withdraw the plea entered under this agreement, except where the Court rejects those portions of the plea agreement which deal with charges the government agrees to dismiss or not to bring.

8/10/2022
Date

ANGIE E. DANIS, #64805MO
Assistant United States Attorney

08/10/2022
Date

KEN TRANG TRAN
Defendant

8/10/22
Date

MICHAEL F. JONES, #52112MO
Attorney for Defendant

13